■ JOSE QUINTANA, Appellant, v CITY OF NEW YORK, Respondent. [686 NYS2d 408] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered January 26, 1998, which, *inter alia*, dismissed the complaint, and order, same court and Justice, entered April 20, 1998, which, upon reargument, adhered to the court's prior determination dismissing the complaint, unanimously modified, on the law and the facts and in the exercise of discretion, to reinstate the complaint and to bar, at trial or otherwise, the use of the first of two statements and its content in any manner, and, except as thus modified, affirmed, without costs or disbursements.

After a hearing, the court found, *inter alia*, that the affidavit obtained as a result of an interview of the Department of Housing Preservation and Development (HPD) superintendent by plaintiff's investigator included fabricated material. Although the proof of such alleged fabrication could have been stronger, we see no reason to disturb the hearing court's finding. As to proof, the best that the superintendent could muster, when asked if he had made the statements contained in the disputed portion of the affidavit was, "I don't remember saying that", a response that does not preclude the fact that he indeed did make the statement in question. He repeatedly answered in that vein when asked similar questions. Nor was it improper under Code of Professional Responsibility DR 7-104 (A) (1) (22 NYCRR 1200.35 [a] [1]) for plaintiff's investigator to conduct an interview, *ex parte*, of the superintendent, a low-level HPD employee. (*Niesig v Team I*, 76 NY2d 363.)

Under the unique circumstances of this case, the sanction of dismissal was unwarranted and we impose a lesser sanction, as indicated. Concur—Sullivan, J. P., Rosenberger, Nardelli and Rubin, JJ.